Taliaferro, J.
The plaintiffs sue the defendant for twenty-five bales of cotton which they allege they purchased from him and which he has failed to deliver in pursuance of the contract. They claim damages also for the non-performance of the engagement on his part. The cotton sued for was sequestered and afterwards released under bond and sold by the defendant. Subsequently, during the progress of the suit, the plaintiffs in an amended petition, prayed judgment for $562 50 as damages arising from the failure of the defendant to deliver the cotton at the time agreed upon, and they limit their demand to this sum in damages. The answer admits that the defendant sold to the plaintiffs twenty-five bales of cotton but avers that the plaintiffs failed to cause the cotton to be weighed on his order of- delivery and to pay for it within the usual delay of three days and which never exceeds five days, without the formal consent of the factor; that defendant upon this failure of the plaintiffs to receive, weigh and pay for the cotton in conformity with commercial usage, had the right to retract and refuse to deliver it. The defendant had judgment in his favor and the plaintiffs have appealed.
A number of witnesses versed in the cotton trade and acquainted with the usages and sales by which cotton is sold in the New Orleans market, was examined on the trial of the case. They agreed generally as to the custom and practice in conducting sales of this staple, but there was less uniformity among them in their views regarding the compliance with the established custom by the parties litigant in this case.
The facts seem to be, that the plaintiffs bought the cotton on the twenty-ninth of December and defendant expressed a desire that they *721 should receive it as soon as possible, giving to them as usual an order for the delivery of the lot of cotton purchased by them. It is shown that the defendant, from time to time, up to the fifth of January, called upon the purchasers, urging them to receive and pay for the cotton, the plaintiffs all the while deferring the matter, saying they had not had time to attend to it, that it would be received as soon as possible, etc.; and on one occasion being called upon to know when the purchasers would receive the cotton, one of them answered gruffly: “ I will receive it whenever it suits me, whenever I am at leisure. ”
On the evening of the fifth of January, however, the plaintiffs notified the defendant that they had given positive instructions to their “ classer ” to receive the cotton the next day, the sixth of January. On that day at ten o’clock, A. M., the defendant gave the plaintiffs notice that unless they intended to receive the cotton by twelve o’clock of the same day, he would give orders not to deliver it. The cotton was sold at the price of twenty-three and three-quarter cents per pound. A short time afterward it went up to twenty-eight and three-quarter cents. The purchase was advantageous to the plaintiffs, and there is no ground for supposing they were in bad faith in delaying to receive the cotton, however dilatory they may have been. It is contended on their part that they were entitled to the whole period of business hours of the last day within which to receive the cotton; that on the ground that the seller had the right, after the procrastination of the purchasers to receive, to give them notice of his intention to terminate the contract in the event of their failure within a specified time to comply on their part, still he should have given a reasonable time for the compliance, which they insist he did not give. It is not shown that it was impossible, or even that it would have been exceedingly difficult or inconvenient for the plaintiffs, to have gone or sent a person to the cotton press and received, the twenty-five bales in two hours’ time. The seller appears to have been sedulous, if not importunate, in his endeavors to close the sale, and to have extended the period, usual after a sale for receiving and paying, to its utmost limits. The buyers, on the other hand, continued tardy and inactive until the sixth of January, when the defendant’s “patience,” as he expressed it, “was at an end.” The short quarters then given, we think under the circumstances, the plaintiffs should have submitted to.
We think the decree of the lower court correct. It is therefore ordered that it be affirmed with costs. .